UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AARON AMABLE RIOS,

                    Plaintiff,                **REPORT & RECOMMENDATION**
                                                      **19 CV 1525 (LDH)(LB)**

    -against-

OFFICER JOHN DOE #1, OFFICER JOHN DOE
#2, OFFICER JOHN DOE #3, and OFFICER JOHN
DOE #4,
                    Defendants.
-----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiff Aaron Amable Rios brings this *pro se* action against defendants alleging that his civil rights were violated pursuant to 42 U.S.C. § 1983. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

## BACKGROUND

      On March 14, 2019, plaintiff commenced this civil rights action. ECF No. 1. On July 11, 2019, Judge DeArcy Hall granted plaintiff's application to proceed *in forma pauperis*, dismissed defendant City of New York, and directed the Office of the Corporation Counsel (the "Office") to ascertain the full names and service addresses of the John Doe defendants ("Valentin Order"). ECF No. 9. On July 24, 2019, the Court's July 11, 2019 Order was returned to the Court as undeliverable with the postal notation: "Return to Sender, Attempted-Not Known, Unable to Forward." ECF No. 10.

---

[1] The Office of the Corporation Counsel requests a pre-motion conference in anticipation of its motion to dismiss plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 24. As plaintiff has apparently abandoned this action, I issue this *sua sponte* Report and Recommendation to obviate the need for defendants' motion.

On September 20, 2019, the Court granted the Office's request for an extension of time to comply with the <u>Valentin</u> Order. ECF No. 13. On October 3, 2019, the Court's September 20, 2019 Order was returned to the Court with the postal notation: "Return to Sender, Not Deliverable as Addressed, Unable to Forward." ECF No. 14.

On October 31, 2019, the Office requested that the Court direct Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson") to disclose plaintiff's last known mailing address. ECF No. 17. Although the Court granted the Office's request on November 1, 2019, ECF No. 19, Mid-Hudson only reported that plaintiff was discharged on May 20, 2019 "and returned to Kings Supreme Court custody." ECF No. 20.

Despite the Court's best efforts to locate plaintiff by his identification number, no current contact information was found for plaintiff. On November 27, 2019, the Court directed plaintiff to "write to the Court to provide a mailing address where he can receive mail by January 6, 2020." ECF No. 21. The Court's Order warned plaintiff that if he failed to provide a current address by January 6, 2020, I would assume that he has abandoned this action and that I would recommend that this action should be dismissed. <u>Id.</u>

On December 5, 2019, the Court's November 1, 2019 Order was returned as undeliverable with the postal notation: "Not Deliverable as Addressed, Unable to Forward." ECF No. 22. On January 2, 2020, the Court's November 27, 2019 Order was returned as undeliverable with the same postal notation. ECF No. 23. Plaintiff has failed to provide a current address and has not contacted the Court since March 2019.

## DISCUSSION

"If [a] plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," Rule 41 authorizes the district court to dismiss the action. Fed. R. Civ. P. 41(b); <u>see also</u> <u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned

2

that Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]") (citation omitted). A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. LeSane, 239 F.3d at 209–10 (citation omitted). As "no one factor is dispositive," courts need only provide an explanation for the dismissal rather than consider each factor. Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001).

All plaintiffs, whether represented or proceeding *pro se*, are obligated to maintain a current address with the Court. See Peters v. Dept. of Corr. of N.Y.C., 306 F.R.D. 147, 150 (S.D.N.Y. 2015) (dismissing *pro se* plaintiff's civil rights action for failure to provide a current address). "[T]he demand that [a] plaintiff[] provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." Edwards v. Stevens, No. 11 Civ. 7329 (PKC)(JLC), 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) (internal quotation marks and citations omitted). Indeed, because litigation "cannot proceed without a current address for the plaintiff," courts have repeatedly held that a plaintiff's "failure to maintain such an address with the Court" is a sufficient ground to dismiss without prejudice. Pratt v. Behari, No. 11 Civ. 6167 (JGK), 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (involving a plaintiff released from custody) (citation omitted); see also Dong v. United States, No. 02 Civ. 7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing *pro se* plaintiff's case for failure to provide a current address and discussing that "the very fact that [plaintiff] has been inaccessible for the last two months . . . strongly suggests that he is not diligently pursuing this claim.").

Here, plaintiff has not contacted the Court since filing this action in March 2019. Since that time, the Office and the Court have attempted to ascertain plaintiff's last known mailing address by contacting Mid-Hudson and Kings County Supreme Court. The Court's November 27, 2019 Order warned plaintiff that I would recommend that this case should be dismissed should plaintiff fail to respond with his current address by January 6, 2020. As plaintiff has failed to provide a current address, there is no way for the Court to proceed in this matter. Plaintiff has apparently abandoned this action. I therefore recommend that plaintiff's action should be dismissed without prejudice pursuant to Rule 41. See Burney v. Harper, No. 14 Civ. 4865 (GBD)(JCF), 2016 WL 7017410, at *3–4 (S.D.N.Y. Nov. 30, 2016), adopted by, ECF No. 42 (S.D.N.Y. Dec. 21, 2016) (dismissing *pro se* plaintiff's civil rights complaint for failure to provide his current address to the Court); Coleman v. Doe, No. 05-CV-5849 (JG), 2006 WL 2357846, at *1 (E.D.N.Y. Aug. 14, 2006) (same).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION[2]

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Dated: March 12, 2020
      Brooklyn, New York

/S/
LOIS BLOOM
United States Magistrate Judge

---

[2] Although it is futile, the Clerk of Court is directed to send this Report to plaintiff's last known address.